UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WAYNE THORPE POTTER,

    Plaintiff,

v.                                         Case No.:  3:20-cv-277-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Wayne Thorpe Potter seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.  Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

**C.     Procedural History**

Plaintiff filed an application for a period of disability and disability insurance benefits on February 22, 2017, alleging disability beginning May 16, 2011. (Tr. 73, 175-76). The application was denied initially on May 17, 2017, and upon

reconsideration on August 3, 2017. (Tr. 73, 89). Plaintiff requested a hearing and on May 1, 2019, a hearing was held before Administrative Law Judge ("ALJ") William H. Greer. (Tr. 30-52). At the hearing, Plaintiff requested and the ALJ agreed to amend the onset date to May 26, 2015. (Tr. 32). On June 17, 2019, the ALJ entered a decision finding Plaintiff not disabled from May 26, 2015, the alleged amended onset date, through December 31, 2016, the date last insured. (Tr. 15-25). Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on January 17, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on March 18, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

      **D.**    **Summary of ALJ's Decision**

In this matter, the ALJ found Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2016. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged amended onset date of May 26, 2015, through the date last insured of December 31, 2016. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "disorder of the spine, affective disorder, and anxiety related disorder." (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or

medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 §§ C.F.R. 404.1520(d), 404.1525, and 404.1526). (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 [C.F.R. §] 404.1567(c) with the following limitations: simple, unskilled, and repetitive work.

(Tr. 20). At step four and as of the date last insured, the ALJ found that Plaintiff was able to perform his past relevant work as a stocker and this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 24). The ALJ concluded that Plaintiff had not been under a disability from May 26, 2015, the amended alleged onset date, through December 31, 2016, the date last insured. (Tr. 24).

## II.   Analysis

On appeal, Plaintiff raises two issues: (1) whether the ALJ properly considered the opinion evidence from Dr. Tameika Lewis; and (2) whether substantial evidence supports the ALJ's finding that Mr. Potter could perform medium work. (Doc. 14, p.12-17). The Court will address each issue in turn.

### A. Whether the ALJ properly considered Dr. Lewis's opinion evidence

Plaintiff argues the ALJ had no valid reason for affording only some weight to and not adopting Tameika Lewis, M.D.'s opinion – specifically that Plaintiff was limited to performing work at a light exertional level. (Doc. 14, p. 15-17). Plaintiff claims the ALJ afforded the opinion only some weight because Plaintiff had amended the alleged onset date to shorten the period at issue and, during the relevant period, Plaintiff only received conservative care. (Doc. 14, p. 15-16). Plaintiff posits, "[h]ow a smaller time period at issue would affect whether Mr. Potter could perform light or medium work is not clear." (Doc. 14, p. 16).

Dr. Lewis is a state agency evaluator and a non-examining medical source. (Tr. 82-85). On July 31, 2017, Dr. Lewis completed a Residual Functional Capacity form based on a review of Plaintiff's medical records from 2011 through the beginning of 2017. (Tr. 82-85). Relevant here, Dr. Lewis limited Plaintiff to occasionally lifting 20 pounds, frequently lifting 10 pounds, and standing or walking for about 6 hours in and 8-hour workday. (Tr. 82-83).

The ALJ reviewed Dr. Lewis's opinion and afforded it some weight. (Tr. 23). The ALJ found that during the relevant period – which was shortened due to a later alleged onset date – Plaintiff had received only conservative care, which showed his symptoms were managed. (Tr. 23). The ALJ further explained that Plaintiff chose not to pursue surgery unless his cervical stenosis was severe. (Tr. 23).

At step four, an ALJ must properly consider treating, examining, and non-examining physician's opinions and weigh these opinions and findings as an integral part of the ALJ's RFC determination. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). Whenever a physician offers an opinion concerning the nature and severity of a claimant's impairments—including the claimant's symptoms, diagnosis, and prognosis; physical and mental restrictions; or what the claimant can still do—the ALJ must state with particularity the weight given to the opinion and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such an explanation, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart*, 662 F.2d at 735).

Non-examining doctors' opinions do not constitute substantial evidence on which to base an administrative decision and are entitled to little weight when they contradict the opinions and findings of treating or examining physicians. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988); *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012); 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."). Here, Dr Lewis did not examine Plaintiff and had no treating relationship with him, and

therefore her opinion is not entitled to deference. (Tr. 83-85). While Plaintiff focuses on the comment by the ALJ concerning Dr. Lewis considering medical evidence prior to the amended alleged onset day, the thrust of the ALJ's comment is that during the relevant time period, Plaintiff received conservative care, suggesting his symptoms were managed. (Tr. 23). And this conservative care does not fully support Dr. Lewis's opinion.

To show his symptoms were not managed, Plaintiff points to a May 26, 2015 medical record that shows Plaintiff's range of motion in his neck was severely restricted. (Doc. 14, p. 16). Indeed, the medical records reflect the range of motion in Plaintiff's neck was severely restricted (Tr. 332), but Plaintiff was not interested in surgery "unless the stenosis was severe." (Tr. 333). And the June 30, 2015 medical record shows Plaintiff reporting that "he can change [his] neck position to get some relief in his left arm pain." (Tr. 340). Despite summarizing an MRI's results, Plaintiff cited no medical records from any treating or examining sources that include work-related limitations that support Dr. Lewis's opinion or are greater than included in the RFC. Nor has Plaintiff cited medical records that he was prescribed medication for his physical impairments or received regular treatment for them. Thus, the ALJ's reasoning that Plaintiff received conservative treatment during the relevant time period, which does not support Dr. Lewis's limitation to light work, is supported by the evidence of record.

For these reasons, the Court finds the ALJ's decision to afford some weight to Dr. Lewis's opinion is supported by substantial evidence. The ALJ articulated reasons supported by the record to afford only some weight to this opinion.

### B. Whether substantial evidence support the ALJ's finding that Plaintiff could perform medium work

Plaintiff argues that the evidence in the case does not support the ALJ's finding that Plaintiff could perform work at the medium level, especially with the constant standing and heavy lifting requirements of this level of work. (Doc. 14, p. 13, 15). In support, Plaintiff contends both the single decision maker Alisha Remarck and the state agency evaluator Dr. Tameika Lewis found Plaintiff capable of lifting only 20 pounds occasionally and 10 pounds frequently, placing his ability in the light work range. (Doc. 14, p. 13). Finally, Plaintiff asserts the "objective" evidence supports work at a light level only. (Doc. 14, p. 13-14).[1]

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). When

---

[1] Plaintiff also posits that a limitation to light work would allow him to "Grid out," meaning that under the Grids, Plaintiff would be found disabled. (Doc. 14, p. 14). To reach this conclusion, Plaintiff explains that if he were limited to light work, he would be ineligible for his past relevant work as a Stocker, a medium exertional-level job, and would also be ineligible for his past relevant work as a grocery clerk, which requires a higher reasoning level than in the RFC. (Doc. 14, p. 14). But the Court's role is to determine whether the ALJ failed to follow the correct law or substantial evidence does not support the decision, no matter whether Plaintiff would "Grid out" or not. This argument, therefore, does not affect the Court's consideration of whether the ALJ erred in the decision.

determining a claimant's RFC, an ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). The task of determining a claimant's RFC and ability to work rests with the ALJ and not with a doctor. *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016).

Under the regulations, medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). Plaintiff argues that both agency evaluators limited him to lifting only 20 pounds occasionally and 10 pounds frequently. (Doc. 14, p. 13). While true, the ALJ afforded only some weight to Dr. Lewis's opinion, which the Court has found is supported by substantial evidence. The other evaluator is a single decision maker, Alisha Remarck, and Plaintiff acknowledges that single decision makers are not given deference and are not acceptable medical sources. (Doc. 14, p. 13). Even more, single decision makers' opinions are not evidence on which an ALJ may properly rely. *See Spahiu v. Colvin,* No. 3:11-cv-1138-J-MCR, 2013 WL 828460, at *7 (M.D. Fla. Mar. 6, 2013) (observing a single decision maker is not an acceptable medical source and an opinion of a single decision maker is not evidence that the ALJ may properly rely on).

The ALJ summarized the relevant medical records from May 26, 2015, June 30, 2015, June 14, 2016, and January 20, 2017 office visits. (Tr. 22-23). These

sporadic office visits do not establish a treatment regimen. Nor has Plaintiff cited any medical records from his treating or examining physicians that show he has more work-related limitations than included in the RFC. The records reveal that although Plaintiff suffers from neck and back pain, he received very minimal and conservative treatment during the short relevant period. For example, Plaintiff declined surgery unless the stenosis "was severe." (Tr. 333). He could relieve some pain by changing neck positions. (Tr. 340). On June 14, 2016, Plaintiff presented for earaches in both ears, his neck examination was normal, and did not complain of neck pain, other than a history of cervical neck injury and instability. (Tr. 381-83). This medical record also reveals Plaintiff "surfs in the Pacific NW – just moved here in March to care for Mom (terminal)." (Tr. 381). At his January 20, 2017 appointment, he presented for sinus symptoms, conveyed he had neck pain, and was assessed with, among other things, cervicalgia, but no medication was prescribed, and no treatment suggested. (Tr. 478, 479).

While the ALJ acknowledged Plaintiff has multiple medical impairments, his finding that Plaintiff has not generally received the type of medical treatment that one would expect for a disabled individual is supported by substantial evidence. The treatment has been routine, sporadic, and conservative. (Tr. 23). Plaintiff has not cited medical records showing any surgeries scheduled, medications prescribed, or follow-up treatment for his physical impairments. The Court finds the ALJ's RFC

finding that Plaintiff is capable of performing medium work is supported by substantial evidence.[2]

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 20, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Plaintiff also claims he cannot perform the standing requirement for work at the medium exertional level. (Doc. 14, p. 15). Plaintiff does not support this argument with citation to any medical records. It is well settled in the Eleventh Circuit, "[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (quoting *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998)); *see, e.g., Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding claimant waived an issue because he did not elaborate on claim or provide citation to authority regarding claim). Thus, without support for the argument that Plaintiff cannot meet the standing requirement for medium work, this argument is waived.